### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| SHANEYA BIAS,<br>    PLAINTIFF, | |
| v. | Case No. 2:21-cv-286 |
| CAPITAL LINK MANAGEMENT, LLC,<br>SAMUEL PICCIONE, individually,<br>DENISA PICCIONE, individually, and<br>JONATHAN RINKER, individually,<br>    DEFENDANTS | |

## COMPLAINT AND JURY DEMAND

This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter referred to as "FDCPA") Capital Link Management, LLC ("CLM") Samuel Piccione, Denisa Piccione, and Jonathan Rinker ("Rinker").

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681p.

## VENUE

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that defendants transact business in this judicial district and directed actions toward residents of this district, and a substantial portion of the acts giving rise to this action occurred in this District.

3. Plaintiff resides in this District.

## PARTIES

4. Plaintiff Shaneya Bias, is an adult individual residing in Calcasieu Parish, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Capital Link Management, LLC ("CLM") is a business entity operating from Amherst, New York.

6. CLM can be served in Louisiana via its Registered Agent, Corporation Service Company, at 501 Louisiana Ave., Baton Rouge, LA 70802 or as permitted by Louisiana or New York law.

7. Prior to a previous lawsuit against CLM, CLM's website (capitallinkmanagement.com) stated:

> Capital Link Management manages accounts across the credit spectrum including Consumer, Commercial, Installment Loans, DDA, Telecom, Medical and more.
> …
> We are committed to treating all consumers with respect, fairness, and honesty. Our employee's are well trained in government standards and regulations regarding debt-collection practices, credit reporting, and privacy protection.
> …
> Capital Link Management strives to make the collection process as easy as possible for everyone. We are ready to take on new challenges and make sure that both consumers and clients are pleased. Financial freedom is just around the corner with us.

8. CLM's website was changed to remove much of that language. But its website still states

> REDEFINING ARM
>
> INCREASE REVENUES.
>
> DECREASE EXPENSES.

(www.capitallinkmanagement.com) (last visited February 2, 2021).

9. On another page of its website, CLM claims its "areas of expertise" are:

> Consumer
> Commercial

      Telecom
      Medical

(www.capitallinkmanagement.com/aboutus) (last visited February 2, 2021). On information and belief, these categories are the types of credit accounts CLM has experience collecting as described in the previous language used on its website detailed in paragraph nine (9) above.

10. Under the heading "Experience" CLM boasts that "With extensive knowledge and experience, Capital Link Management is here to help you get the return you are looking for." Under the heading "Portfolio Management" CLM advertises "We know managing a portfolio is not a cookie cutter process. We work with you on your goals and custom tailor a plan of action. We make keeping track of your investment as easy as possible." Under the heading "Our Commitment" CLM claims "Capital Link Management is committed to treating all consumers with respect, fairness, and honesty." Finally, under the heading "CONSUMER PROTECTION" CLM informs its website viewers of some of the protections afforded to consumers under the Fair Debt Collection Practices Act and also states the following:

> Capital Link Management and its employees are committed to following the FDCPA and all other applicable federal and state regulations.
> …
>
> In the even[t] you happen to receive a call such as described above, please contact us as soon as possible at 855.797.6909 Monday through Friday 9:00AM - 5:00PM EST.
> - Follow the instructions of the caller
> - Provide any financial, account or payment information
> - Provide any personal information

11. As will be described below, CLM attempted to collect a past due account from Plaintiff via telephone and email communications.

3

12. The principal purpose of CLM is the collection of debts using the mails and telephone and other means.

13. CLM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

14. CLM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. Defendant Samuel Piccione is a natural person residing at, or who has previously resided at, 4894 Mount View Dr., Lockport, New York 14094.

16. Samuel Piccione is an owner of CLM and actively manages CLM and directs the policies of the company.

17. Samuel Piccione regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Samuel Piccione uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

18. Samuel Piccione is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19. Defendant Denisa Piccione is a natural person residing at, or who has previously resided at, 4894 Mount View Dr., Lockport, New York 14094.

20. Denisa Piccione is an owner of CLM and actively manages CLM and directs the policies of the company.

21. Denisa Piccione regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Denisa Piccione uses interstate

commerce and the mails in a business the principal purpose of which is the collection of debts.

22. Denisa Piccione is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23. Defendant Rinker is a natural person residing at, or who has previously resided at, 6296 Melville Cir., Sanborn, New York 14132.

24. Rinker is an owner of CLM and actively manages CLM and directs the policies of the company.

25. Rinker regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Rinker uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

26. Rinker is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

27. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, the Account was a debt on a home security system installed at Plaintiff's home.

28. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

29. The Account allegedly went into default with the original creditor, a company using the trademark "Vivint" in its marketing as an alarm company (hereinafter referred to as "Vivint").

30. After the Account allegedly went into default, the Account was purchased by debt buyer and eventually transferred to CLM for collection.

31. Plaintiff denies liability for the amount CLM was attempting to collect on the Account.

32. Plaintiff requests that defendants cease all further communications regarding the Account.

33. In the one year prior to the filing of this complaint, CLM spoke with Plaintiff on the telephone about the Account and told Plaintiff that she was being sued on the Account, that Plaintiff would be arrested, that a process server was looking for Plaintiff and would be serving her with a lawsuit at either her place of employment if she couldn't be found at her home, and that her wages would be garnished.

34. CLM called Plaintiff's place of employment multiple times and disclosed the existence of the debt to Plaintiff's co-workers, and specifically telling her co-workers that the matter was a legal matter involving Plaintiff's wages.

35. Plaintiff instructed CLM to stop calling her both at work and on her personal phone number, but CLM continued to call her anyway, both at work and on her personal phone number.

36. Plaintiff made approximately four payments of $75 to avoid the perils threatened by CLM.

37. After growing suspicious and frustrated with the continual harassment, Plaintiff hired a lawyer to protect her from the practices directed at her by CLM. Plaintiff informed CLM that she hired a lawyer.  Despite knowing that Plaintiff was represented by an attorney, CLM continued to call Plaintiff about the Account.

38. The statements made to Plaintiff by CLM were false and deceptive as there was no lawsuit against Plaintiff, CLM did not intend to sue Plaintiff, Plaintiff was not in danger of being arrested, a process server was not looking for Plaintiff and CLM did not have authority to garnish Plaintiff's wages or otherwise seize any assets belonging to Plaintiff.

39. One or more of CLM's communications with Plaintiff's co-workers amounted to improper disclosures to a third party of the existence of the Account.

40. Plaintiff was embarrassed to learn that her co-workers were informed that she was being sued for not repaying an Account.

41. CLM's sole purpose for making the statements described above was to intimidate Plaintiff into making a payment on the Account.

42. CLM's collection practices caused Plaintiff to suffer actual damages in the form of fear, anxiety, stress, sleeplessness, mental anguish, mild depression, embarrassment and/or distraction from normal life.

43. During one or more communications with Plaintiff in the year prior to the filing of this complaint, CLM did not inform Plaintiff that the communication was a call from a debt collector and/or that the call was an attempt to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

44. CLM never provided Plaintiff with notice of her rights dispute the debt as required by 15 U.S.C. § 1692g.

45. Based on the allegations contained in this Complaint as well as the allegations made in similar lawsuits against CLM it is clear that the use of false and deceptive collection practices is the norm at CLM.

46. On information and belief, Samuel Piccione, Denisa Piccione and/or Rinker (a) created the collection policies and procedures used by CLM, and its respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of CLM, (c) oversaw the application of the collection policies and procedures used by CLM and its employees and

agents, (d) drafted, created, approved and/or ratified the tactics and scripts used by CLM and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by CLM and its employees and agents in connection with its common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by CLM and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

47. Each telephone call, voicemail and written communication to, and/or with, Plaintiff constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

48. The only reason that CLM and/or representative(s), employee(s) and/or agent(s) of CLM made telephone call(s) to Plaintiff was to attempt to collect the Account.

49. The only reason that CLM and/or representative(s), employee(s) and/or agent(s) of CLM had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

50. All of the conduct by CLM and their respective employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

51. As a consequence of the collection activities and communication(s) by CLM, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## **RESPONDEAT SUPERIOR**

52. The representative(s) and/or collector(s) at CLM were employee(s) and/or agents of CLM at all times mentioned herein.

53. The representative(s) and/or collector(s) at CLM were acting within the course of their employment at all times mentioned herein.

54. The representative(s) and/or collector(s) at CLM were under the direct supervision and control of CLM, Samuel Piccione, Denisa Piccione and/or Rinker at all times mentioned herein.

55. The actions of the representative(s) and/or collector(s) at CLM are imputed to their employer(s), CLM, Samuel Piccione, Denisa Piccione and/or Rinker.

56. CLM acted at all times as an agent of Samuel Piccione, Denisa Piccione and/or Rinker.

### COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY CAPITAL LINK MANAGEMENT, LLC

57. The previous paragraphs are incorporated into this Count as if set forth in full.

58. The act(s) and omission(s) of CLM and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692d(2) and 15 U.S.C. § 1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and 15 U.S.C. § 1692f(6) and 15 U.S.C. § 1692g(a).

59. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from CLM.

### COUNT II: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY SAMUEL PICCIONE

60. The previous paragraphs are incorporated into this Count as if set forth in full.

61. By influencing and/or controlling the conduct of CLM, Samuel Piccione is liable for the act(s) and omission(s) of CLM and its representative(s), employee(s) and/or agent(s) for

violations of 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692d(2) and 15 U.S.C. § 1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and 15 U.S.C. § 1692f(6) and 15 U.S.C. § 1692g(a).

62. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Samuel Piccione.

### COUNT III:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY DENISA PICCIONE

63. The previous paragraphs are incorporated into this Count as if set forth in full.

64. By influencing and/or controlling the conduct of CLM, Denisa Piccione is liable for the act(s) and omission(s) of CLM and its representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692d(2) and 15 U.S.C. § 1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and 15 U.S.C. § 1692f(6) and 15 U.S.C. § 1692g(a).

65. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Denisa Piccione.

66. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Denisa Piccione.

### COUNT IV:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY JONATHAN RINKER

67. The previous paragraphs are incorporated into this Count as if set forth in full.

68. By influencing and/or controlling the conduct of CLM, Rinker is liable for the act(s) and omission(s) of CLM and its representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692d(2) and 15 U.S.C. §

1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and 15 U.S.C. § 1692f(6) and 15 U.S.C. § 1692g(a).

69. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Rinker.

## JURY TRIAL DEMAND

70. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following:

71. Judgment in favor of Plaintiff and against Capital Link Management, LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Such other and further relief as the Court deems just and proper.

72. Judgment in favor of Plaintiff and against Samuel Piccione, LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Such other and further relief as the Court deems just and proper.

73. Judgment in favor of Plaintiff and against Denisa Piccione as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Such other and further relief as the Court deems just and proper.

74. Judgment in favor of Plaintiff and against Jonathan Rinker as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Samuel J. Ford*
Samuel Ford, Esq., T.A. #36081
Hair Shunnarah Trial Attorneys, LLC
3540 S. I-10 Service Rd. W, Suite 300
Metairie, LA 70001
ford@hairshunnarah.com
P. 504-323-5802
F. 504-613-6351
Attorney for Plaintiff

Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
11610 Pleasant Ridge Rd.
Suite 103 – Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff
*Pro Hac Vice* application forthcoming